JEAN E. WILLIAMS
Acting Assistant Attorney General
CLARE BORONOW
Trial Attorney, Admitted to MD Bar
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362 / Fax: (303) 844-1350
clare.boronow@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALASKA COMMUNITY ACTION ON TOXICS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY, and MARY NEUMAYR, in her official capacity as Chair of the council on Environmental Quality,<br><br>Defendants. | Case No. 3:20-cv-05199-RS<br><br>**JOINT STATUS REPORT AND STIPULATION TO EXTEND STAY OF CASE BY 45 DAYS** |

Pursuant to this Court's February 12, 2021 Order Staying Case for 60 Days (ECF No. 49), the Parties hereby submit this joint status report. The Parties to the related case before this Court, *California v. CEQ*, No. 3:20-cv-06057-RS (N.D. Cal.), are submitting a similar joint status report in that case.

Federal Defendants and Plaintiffs have conferred regarding future proceedings in this

case and hereby stipulate to an extension of the stay by an additional 45 days, until May 28, 2021.  Counsel for Federal Defendants has conferred with Intervenor-Defendants who advise that they agree to the requested 45-day extension of the stay.

In support of the joint status report and stipulation, Federal Defendants and Plaintiffs state the following:

1. Plaintiffs challenge the Council on Environmental Quality's ("CEQ") July 16, 2020 rulemaking entitled Update to the Regulations Implementing the Procedural Provisions of the National Environmental Policy Act, 85 Fed. Reg. 43,304 (July 16, 2020) ("2020 Rule").

2. On inauguration day, President Biden issued Executive Order 13990 directing federal agencies to "immediately review and, as appropriate and consistent with applicable law, take action to address the promulgation of Federal regulations and other actions during the last 4 years that conflict" with "important national objectives," such as "listen[ing] to the science"; "improv[ing] public health and protect[ing] our environment"; "reduc[ing] greenhouse gas emissions"; and "prioritiz[ing] . . . environmental justice."  86 Fed. Reg. 7,037, 7,037 (Jan. 25, 2021).  The order also requires agencies "to immediately commence work to confront the climate crisis."  Id.  The White House specifically identified the 2020 Rule as subject to these requirements.[1]

3. In light of Executive Order 13990 and CEQ's review of the 2020 Rule, on February 11, 2021 the Parties stipulated to a 60-day stay of this case and the related *California* case.  ECF No. 48.  The Court stayed the cases the following day, until April 13, 2021.  ECF No. 49.  The Court set a status conference for April 15, 2021, and ordered the Parties to file a status report one week before the status conference, on April 8, 2021.  *Id.*

4. Since then, CEQ has begun reconsidering the 2020 Rule pursuant to Executive Order 13990 and, as part of that process, is considering whether to propose to amend or repeal the Rule in whole or in part.

---

[1] Fact Sheet: List of Agency Actions for Review, https://www.whitehouse.gov/briefing-room/statements-releases/2021/01/20/fact-sheet-list-of-agency-actions-for-review/.

5. Although CEQ has begun its reconsideration process, CEQ does not yet have a confirmed Chair. CEQ is hopeful that Congress may confirm a new Chair within a few weeks. Once the new Chair has been confirmed and has an opportunity to confer with CEQ's staff, CEQ will be in a better position to discuss next steps both with regard to its reconsideration of the 2020 Rule and this litigation.

6. Federal Defendants and Plaintiffs therefore stipulate to a 45-day extension of the stay to allow time for the new Chair to be confirmed and for the agency, with its new Chair in place, to determine next steps with regard to the 2020 Rule and the litigation challenging it.

7. The stipulated stay is consistent with the Court's broad discretion to stay proceedings and defer judicial review. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). It is also consistent with CEQ's inherent authority to reconsider and to revise, replace, or repeal a prior decision to the extent permitted by law and supported by a reasoned explanation. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983).

8. An extension of the stay is also in the interest of judicial economy. Allowing CEQ sufficient time to determine its own path forward through the administrative process may narrow, or potentially even eliminate, some or all of the issues before this Court.

9. Federal Defendants and Plaintiffs agree to meet to discuss possible paths forward in this litigation before the close of the 45-day extension period.

10. Federal Defendants and Plaintiffs propose that the Parties file a further joint status report at the end of the 45-day extension period, on or before May 26, 2021, regarding future proceedings in this case. They also propose that the Court set the deadline for Federal Defendants' reply in support of their motion to dismiss for June 11, 2021. In the event that the Parties are unable to determine an alternative path forward, they will proceed with briefing on

1  the motion to dismiss.

2       For the foregoing reasons, Federal Defendants and Plaintiffs stipulate to a 45-day
3  extension of the stay of this case. Federal Defendants and Plaintiffs respectfully request the
4  Court enter an order staying the case for an additional 45 days until May 28, 2021, requiring the
5  Parties to submit a further status report on or before May 26, 2021, and setting the deadline for
6  Federal Defendants' reply in support of their motion for dismiss for June 11, 2021.

7       A proposed order is submitted herewith.

8       Respectfully submitted this 8th day of April, 2021.

9

10  JEAN E. WILLIAMS
    Acting Assistant Attorney General

11

12  */s/ Clare Boronow*
    CLARE BORONOW
13      Trial Attorney
    U.S. Department of Justice
14      Environment and Natural Resources Division
    Natural Resources Section
15      999 18th Street, South Terrace, Suite 370
    Denver, CO 80202
16      Tel: (303) 844-1362
17      clare.boronow@usdoj.gov

18  ALLEN M. BRABENDER
    Attorney
19      U.S. Department of Justice
20      Environment and Natural Resources Division
    Appellate Section
21      Post Office Box 7415
    Washington, D.C. 20044
22      Tel: (202) 514-5316
23      E-mail: allen.brabender@usdoj.gov

24  STEVEN W. BARNETT
25      Attorney
    U.S. Department of Justice
26      Environment and Natural Resources Division
    Law and Policy Section
27      Post Office Box 7415
28      Washington, D.C. 20044

Tel: (202) 514-1442
E-mail: steven.barnett@usdoj.gov

MATTHEW R. OAKES
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-1442
E-mail: matthew.oakes@usdoj.gov

*Counsel for Federal Defendants*

| | |
|---|---|
| 1 | <u>s/ Kristen L. Boyles</u> |
| 2 | KRISTEN L. BOYLES (CSBA # 158450)<br>JAN E. HASSELMAN (WSBA # 29017) |
| 3 | [Admitted Pro Hac Vice]<br>EARTHJUSTICE |
| 4 | 810 Third Avenue, Suite 610<br>Seattle, WA 98104 |
| 5 | (206) 343-7340 |
| 6 | kboyles@earthjustice.org<br>jhasselman@earthjustice.org |

SUSAN JANE M. BROWN (OSBA # 054607)
[Admitted Pro Hac Vice]
WESTERN ENVIRONMENTAL LAW CENTER
4107 N.E. Couch St.
Portland, OR 97232
(503) 914-1323
brown@westernlaw.org

*Attorneys for Plaintiffs*

GREGORY C. LOARIE (CSBA # 215859)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
(415) 217-2000
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

\* In compliance with Local Rule 5-1(i)(3), the filer of this document attests that all signatories listed have concurred in the filing of this document.