1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEAN E. WILLIAMS
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
CLARE BORONOW, admitted to MD Bar
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362 / Fax: (303) 844-1350
clare.boronow@usdoj.gov
GREGORY M. CUMMING, admitted to DC Bar
150 M Street, N.E.
Washington, D.C. 20002
Tel: (202) 598-0414 / Fax: (202) 305-0506
gregory.cumming@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ALASKA COMMUNITY ACTION ON TOXICS, et al., | Case No. 3:20-cv-05199-RS |
|---|---|
| Plaintiffs, | **JOINT STATUS REPORT** |
| v. | |
| COUNCIL ON ENVIRONMENTAL QUALITY, and BRENDA MALLORY, in her official capacity as Chair of the Council on Environmental Quality,[1] | |
| Defendants. | |

Pursuant to this Court's April 9, 2021 Order Extending Stay of Case by 45 Days and Scheduling Status Conference (ECF No. 51), the Parties hereby submit this joint status report.

---

[1]     Pursuant to Fed. R. Civ. P. 25(d), Brenda Mallory is automatically substituted for Mary Neumayr as Chair of the Council on Environmental Quality.

1   The Parties to the related case before this Court, *California v. CEQ*, No. 3:20-cv-06057-RS

2   (N.D. Cal.), are submitting a similar joint status report in that case.

3       Because the Parties are unable to reach agreement as to how to proceed in this case,

4   they submit the following separate statements.

5   **Federal Defendants' Position**

6       Federal Defendants respectfully seek an extension of the stay of this case by an

7   additional 60 days.[2]  Plaintiffs challenge the Council on Environmental Quality's ("CEQ")

8   July 16, 2020 rulemaking entitled "Update to the Regulations Implementing the Procedural

9   Provisions of the National Environmental Policy Act," 85 Fed. Reg. 43,304 (July 16, 2020)

10   ("2020 Rule").  As Federal Defendants have explained in past status reports, in Executive

11   Order 13990 President Biden directed federal agencies to "immediately review and, as

12   appropriate and consistent with applicable law, take action to address the promulgation of

13   Federal regulations and other actions during the last 4 years that conflict" with "important

14   national objectives," such as "listen[ing] to the science"; "improv[ing] public health and

15   protect[ing] our environment"; "reduc[ing] greenhouse gas emissions"; and "prioritiz[ing] . . .

16   environmental justice."  86 Fed. Reg. 7,037, 7,037 (Jan. 25, 2021); *see* ECF No. 48 ¶ 2; ECF

17   No. 50 ¶ 2.  Pursuant to that direction, CEQ has begun reconsidering the 2020 Rule and, as

18   part of that process, is considering whether to propose to amend or repeal the Rule in whole or

19   in part.  ECF No. 50 ¶ 4.

20       Federal Defendants seek a 60-day extension of the current stay to allow CEQ time to

21   move forward with a rulemaking process to revise the 2020 Rule.  As noted in the attached

22   declaration, "CEQ will initiate rulemaking to propose amendments to the 2020 Rule to revise

23   the NEPA implementing regulations to comply with the statute's text and goals; provide

24   regulatory certainty to stakeholders; promote better decision making consistent with NEPA's

25   statutory requirements; ensure appropriate coordination among Federal agencies, and State,

26

---

27   [2]   Counsel for Federal Defendants has conferred with counsel for Defendant-Intervenors

28   regarding the requested extension of the stay.  Defendant-Intervenors take no position on that request.

Joint Status Report
*Alaska Cmty. Action on Toxics v. CEQ*, No. 3:20-cv-05199-RS                   2

1   Tribal, and local governments during the environmental review process; and meet

2   environmental, climate change, and environmental justice objectives."  Decl. of Matthew Lee-

3   Ashley ¶ 11, attached as Exhibit A.  "The Office of Management and Budget's Office of

4   Information and Regulatory Affairs' forthcoming Spring 2021 Unified Agenda of Regulatory

5   Actions will include additional details regarding CEQ's planned regulatory actions."  *Id.* ¶ 12.

6          Rather than returning to active litigation as Plaintiffs propose, Federal Defendants

7   believe a further extension of the stay is the better course.  CEQ has inherent authority to

8   reconsider and to revise, replace, or repeal the 2020 Rule.  *See Nat'l Cable &*

9   *Telecommunications Ass'n v. Brand X Internet Servs.,* 545 U.S. 967, 981 (2005) (noting an

10  agency may assess "the wisdom of its policy on a continuing basis, . . . for example, in

11  response to changed factual circumstances, or a change in administrations" (citations and

12  quotations omitted); *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009)

13  (discussing agency's inherent ability to change position); *ASSE Int'l, Inc. v. Kerry*, 182 F.

14  Supp. 3d 1059, 1063 (C.D. Cal. 2016) ("[A]dministrative agencies have an inherent authority

15  to reconsider their own decisions, since the power to decide in the first instance carries with it

16  the power to reconsider." (quotation omitted)).  Where, as here, an agency has already begun

17  the process of reconsidering its own action and is likely to take steps to amend or repeal that

18  action, proceeding with litigation is a waste of agency and court resources.  *See ASSE Int'l,*

19  182 F. Supp. 3d at 1063 (finding it "prudent and efficient" to "giv[e] the relevant agency the

20  opportunity to reconsider and rectify an erroneous decision without further expenditure of

21  judicial resources"); *see also Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993)

22  (noting that courts generally "prefer[] to allow agencies to cure their own mistakes rather than

23  wasting the courts' and the parties' resources reviewing a record that both sides acknowledge

24  to be incorrect or incomplete").

25         In addition, continuing to litigate this case would interfere with CEQ's ongoing

26  administrative process by forcing the agency to redirect resources from its reconsideration

27  process to litigation and to structure its administrative process around pending litigation, rather

28  than the agency's priorities and expertise.  *See Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551,

1    558 (9th Cir. 1989) ("The Supreme Court has warned courts not to intrude on administrative

2    functions.").

3         Against that administrative disruption, a 60-day extension of the stay would not

4    prejudice Plaintiffs.  CEQ has committed to reconsidering the 2020 Rule precisely to ensure

5    that NEPA is implemented in a manner consistent with the policies set forth in EO 13990 and

6    EO 14008, many of which implicate the concerns that Plaintiffs have raised in this litigation.

7    Ex. A ¶ 8; 86 Fed. Reg. at 7,037; 86 Fed. Reg. at 7,619, 7,629.  For example, consistent with

8    those executive orders, CEQ is currently reconsidering the 2020 Rule's treatment of, and

9    effect on, environmental justice, climate change, and public participation in the NEPA

10   process—all issues raised in this case.  Ex. A ¶ 8.  CEQ intends to initiate rulemaking to

11   propose amendments to the 2020 Rule.  Ex. A ¶ 11.  A stay will allow CEQ to focus on taking

12   that step as expeditiously as possible rather than having to turn its attention to litigation.

13   Further, Plaintiffs continue to have the option to challenge individual NEPA processes taken

14   under the 2020 Rule as they arise, to the extent they may threaten imminent, concrete harm to

15   a party or its members in the future.  *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S.

16   726, 734 (1998) (Plaintiff "will have ample opportunity later to bring [their] legal challenge"

17   in the context of a future agency action applying the 2020 Rule "when harm is more imminent

18   and more certain.").

19        If the Court denies Federal Defendants' request to extend the stay, Federal

20   Defendants respectfully request that the Court set a deadline of June 18, 2021 for Federal

21   Defendants' reply in support of their motion to dismiss.  Under the Court's current scheduling

22   order (ECF No. 51), that reply brief is currently due on June 11, 2021.  Federal Defendants

23   request an additional week to allow Federal Defendants sufficient time to finalize the brief and

24   allow for review both within CEQ and the Department of Justice.  Federal Defendants oppose

25   proceeding to summary judgment briefing prior to the resolution of their pending motion to

26   dismiss for lack of jurisdiction.  Federal Defendants propose that, if the Court denies their

27   motion to dismiss, the parties confer and file a status report regarding future proceedings.

28   **Plaintiffs' ACAT *et al.* Position**

1      Plaintiffs Alaska Community Action on Toxics *et al.* (ACAT) respectfully oppose

2   Federal Defendants' motion for a further stay in this case.  Federal Defendants acknowledge

3   that CEQ "has substantial concerns about the effects of the 2020 Rule on public health, the

4   nation's land, water, and air quality, communities that have been historically marginalized and

5   overburdened by pollution, the ability of citizens to have their voices heard in federal

6   decision-making processes, and other issues, including the process by which the 2020 Rule

7   was promulgated and the lawfulness of aspects of the 2020 Rule."  Decl. of Matthew Lee-

8   Ashley, ¶3.  While ACAT agrees with Federal Defendants that the 2020 Final Rule is

9   profoundly legally flawed and that substantial changes to it are required, the solution to these

10  legal vulnerabilities is not to stay their judicial resolution, but for CEQ to agree to accept a

11  voluntary remand of the 2020 Final Rule and to vacate the Final Rule pending further

12  administrative rulemaking.  If CEQ is unwilling to take this step, the case must proceed to

13  remand and vacatur through judicial resolution of plaintiffs' claims.  *See All. for the Wild*

14  *Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121 (9th Cir. 2018) ("vacatur of an unlawful

15  agency action normally accompanies a remand.").

16      In the Ninth Circuit, when a party requests a stay of judicial proceedings, "the

17  competing interests which will be affected by the granting or refusal to grant a stay must be

18  weighed."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotation omitted).

19  Federal defendants do not address the three factors identified by the appellate court when

20  considering a stay—"the possible damage which may result from the granting of a stay, the

21  hardship or inequity which a party may suffer in being required to go forward, and the orderly

22  course of justice measured in terms of the simplifying or complicating of issues, proof, and

23  questions of law which could be expected to result from a stay."  *Id*.  Federal defendants' stay

24  request runs afoul of all three factors, but falls especially short on the hardship and inequity

25  that would be furthered by a stay.

26      The concerns expressed by CEQ and shared by ACAT are causing current, ongoing

27  harm to ACAT and its co-plaintiffs.  Signed and issued on July 15, 2020 and published in the

28  Federal Register on July 16, 2020, the Final Rule became effective on September 14, 2020, 40

1  C.F.R. § 1506.13.  By its own terms, the Rule immediately controlled the NEPA procedures of

2  all federal agencies—all other agencies "must follow" the Final Rule, and where there are

3  inconsistencies, the Final Rule applies.  40 C.F.R. § 1507.3(a).

4          Federal agencies are already using the Final Rule to Plaintiffs' detriment.  For

5  example, the Bureau of Land Management recently applied the Final Rule in a December

6  2020 Environmental Analysis of seismic surveying in the Arctic National Wildlife Refuge.

7  ECF 46-1, Declaration of Alison Flint, SD 120, ¶4.  The Bureau is also relying on the Final

8  Rule's new definition of "effects" in its Greater sage-grouse analysis for the March 23, 2021,

9  Montana Oil and Gas Lease Sale.  Flint Decl. ¶8.

10          Additionally, the Final Rule requires agencies to rewrite their own NEPA regulations,

11 40 C.F.R. § 1507.3, and agencies have already begun that process.  The Department of Energy

12 revised its NEPA regulations consistent with the Final Rule and wholly exempted

13 authorizations of liquefied natural gas exports and imports from NEPA review.  85 Fed. Reg.

14 78,197 (Dec. 4, 2020).  The Department of Transportation issued a proposed rulemaking for

15 public comment as directed by the Final Rule that largely echoes the Final Rule's

16 requirements.  85 Fed. Reg. 74,640, 74,641 (Nov. 23, 2020).

17          Lastly, under the Final Rule, there are now whole categories of actions which agencies

18 can approve with no NEPA review at all, depriving Plaintiffs of information and any

19 opportunity to participate.  40 C.F.R. § 1508.1(q)(1)(i)–(vii) ("Major federal action does not

20 include the following activities or decisions…"); s*ee, e.g.,* 85 Fed. Reg. at 43,348 (Farm

21 Service Agency and Small Business Administration loans and loan guarantees exempted).

22 When actions are exempted from NEPA under the Final Rule, there is no public notice,

23 opportunity to comment, or even acknowledgement that a federal action is taking place.  *See,*

24 *e.g.,* ECF 46, First Amended Complaint ¶73 (Food and Water Watch member Dane

25 Schumacher relies on NEPA for notification of federal funding of factory farms that pollute in

26 his watershed and harm his use and enjoyment of these waters).

27          Rather than take expeditious action to seek a voluntary remand and vacatur of the 2020

28 Final Rule, CEQ has proposed to this Court a vague timeline for prospective rulemaking of

1   uncertain content: indeed, federal rulemaking typically takes several months or years to

2   complete, during which time the 2020 Final Rule would remain in place, causing

3   environmental and socioeconomic harm to ACAT as federal agencies comply—as they

4   must—with a duly-enacted (albeit deeply flawed) set of regulations binding on all federal

5   agencies.  Because federal agencies are using the 2020 Final Rule to develop and implement

6   projects, and because agencies will continue to do so until either CEQ finalizes new

7   regulations of unknown content at some unknown time in the future, the uncertainty for

8   project developers, regulated industry, the public, decision makers, and other stakeholders

9   continues to mount.  Should these projects and decisions be subjected to judicial review, it is a

10  near certainty that the resulting confusion from the courts and affected parties regarding the

11  applicable legal framework for environmental analysis and public comment will be

12  substantial; and indeed, the judiciary has already delivered troubling decisions revealing

13  confusion regarding the reach of the 2020 Final Rule.  *E.g., WildEarth Guardians v. Wehner,*

14  2021 WL 915931, *11-12 (D. Colo. March 10, 2021) (quoting language from 2020 Trump

15  regulations that narrows scope of effects to be reviewed in challenge to a 2018 decision).

16          Moreover, while ACAT is sympathetic to the limited capacity of CEQ staff to balance

17  both ongoing litigation over the 2020 Final Rule and new rulemaking to correct the

18  acknowledged deficiencies in the Final Rule, the fact is that the Department of Justice and not

19  the client agency is primarily responsible for litigation before this Court. CEQ personnel will

20  be able to focus on new or additional rulemaking while the Department of Justice actively

21  represents the agency in litigation.  There is little prejudice worked on Federal Defendants

22  should this Court deny the request for a further stay.

23          In sum, ACAT opposes a further stay in this case.  Plaintiffs are amenable, however, to

24  extending the deadline for Federal Defendants' reply in support of their motion to dismiss to

25  June 18, 2021.  ACAT also proposes that Plaintiffs file a motion for partial summary judgment

26  on or before June 30, 2021, with the briefing schedule on that motion to follow local rules in

27  the absence of an alternative agreement among the parties.

28          Respectfully submitted this 3rd day of June, 2021.

Joint Status Report
*Alaska Cmty. Action on Toxics v. CEQ*, No. 3:20-cv-05199-RS                                              7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

/s/ *Clare Boronow*
CLARE BORONOW, admitted to MD Bar
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1362
E-mail: clare.boronow@usdoj.gov

GREGORY M. CUMMING (D.C. Bar No. 1018173)
Trial Attorney
Environment & Natural Resources Division
Natural Resources Section
150 M St., N.E.
Washington, D.C. 20002
(202) 598-0414 (phone)
gregory.cumming@usdoj.gov

MATTHEW R. OAKES
Senior Counsel
Environment and Natural Resources Division
Law and Policy Section
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
Tel: (202) 514-2686
E-mail: matthew.oakes@usdoj.gov

STEVEN BARNETT
Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
950 Pennsylvania Ave., NW
Washington, DC 20530
Tel.: (202) 305-0472
E-mail: steven.barnett@usdoj.gov

ALLEN BRABENDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Appellate Section
950 Pennsylvania Ave., NW
Washington, DC 20530
Tel.: (202) 514-5316
E-mail: allen.brabender@usdoj.gov

*Counsel for Federal Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

s/ Kristen L. Boyles
KRISTEN L. BOYLES (CSBA # 158450)
JAN E. HASSELMAN (WSBA # 29017)
[Admitted Pro Hac Vice]
EARTHJUSTICE
810 Third Avenue, Suite 610
Seattle, WA 98104
(206) 343-7340
kboyles@earthjustice.org
jhasselman@earthjustice.org

SUSAN JANE M. BROWN (OSBA # 054607)
[Admitted Pro Hac Vice]
WESTERN ENVIRONMENTAL LAW CENTER
4107 N.E. Couch St.
Portland, OR 97232
(503) 914-1323
brown@westernlaw.org

*Attorneys for Plaintiffs*

GREGORY C. LOARIE (CSBA # 215859)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
(415) 217-2000
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

\* In compliance with Local Rule 5-1(i)(3), the filer of this document attests that all signatories

listed have concurred in the filing of this document.